UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE M. RONEY,

        Plaintiff,

                                               Civil No. 05-71911
                                               Hon. John Feikens

        v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.; WESTIN HOTEL
SOUTHFIELD, (Smileez LLC, a/k/a
Starwood Hotels and Resorts, Inc.);
FRED AHMADIE, Restaurant Manager;

        Defendants.

_____/

## OPINION AND ORDER

      Plaintiff Denise Roney brings suit for sexual harassment under Michigan's Elliott-Larsen

Civil Rights Act.  Defendants Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and

Merritt Hospitality[1] ("Merritt") move for dismissal as a discovery sanction pursuant to Federal

Rule of Civil Procedure 37.  For the reasons that follow, Defendants' Motion to Dismiss is

GRANTED.

## I.    FACTUAL BACKGROUND

      Defendants move for dismissal on the basis that Plaintiff's counsel, Mr. Ivie Shelton, has

repeatedly violated court orders and has failed to cooperate with Defendants' discovery efforts in

_____

[1] Defendants say that Merritt Hospitality is incorrectly named in the caption as "Westin
Hotel Southfield."

a timely manner.

On June 27, 2005, Defendant Merritt served Plaintiff with its first set of interrogatories and first request for production of documents. (Defs.' Joint Mot. for Protective Order, Ex. 11.) Plaintiff failed to respond to either the interrogatories or the request for production. (Defs.' Br., 2.) Consequently, Defendants filed a joint motion for protective order, and Defendant Merritt filed a motion to compel discovery. On November 1, 2005, this Court granted those motions in part and ordered Plaintiff to provide complete responses to Defendant Merritt's first set of interrogatories and first request for production of documents within ten days. On November 14, 2005, this Court ordered Plaintiff to pay Defendant Merritt's costs and attorney's fees of $704.00 incurred in bringing its motion to compel.

Plaintiff failed to comply with either the November 1 or the November 14 order. Defense counsel's November 23, 2005 letter expressly warned Plaintiff's counsel that Defendants would seek dismissal of the case if Plaintiff did not follow those orders by November 30. (Defs.' Br., Ex. 3.) On December 1, 2005, Plaintiff served an untimely written response to Defendant Merritt's first request for production of documents, despite this Court's November 1 order to do so within ten days. (Defs.' Br., 4.) Plaintiff failed to produce a single document; instead, her written response stated that she did not have certain documents and would produce others within ten business days. (Defs.' Br., Ex. 4.) Plaintiff provided no response whatsoever to Defendant Merritt's first set of interrogatories, in violation of this Court's November 1 order. (Defs.' Br., 4.) Moreover, Plaintiff did not pay Defendant Merritt's costs and attorney's fees as ordered on November 14. Id. As a result of Plaintiff's repeated failure to cooperate in discovery and violation of this Court's orders, Defendants filed a joint motion to dismiss on December 5,

2

2005.

A hearing on Defendants' motion to dismiss was held on February 9, 2006, at which time Plaintiff still had failed to comply with this Court's prior orders. Plaintiff had not paid Defendant Merritt's costs and attorney's fees, had not answered any interrogatories, and had not produced any of the requested documents. (Tr., 10-35.) This Court warned Plaintiff's counsel that Plaintiff had ten days to comply with this Court's orders of November 1 and November 14, and failure to do so would result in the dismissal of Plaintiff's case. (Tr., 4-9).

The hearing on Defendant's motion to dismiss was continued on February 21, 2006. As of that date, Plaintiff still had not paid Defendant Merritt's costs and attorney's fees as ordered on November 14. (Tr., 8.) Counsel for Defendant Merritt indicated that Plaintiff had answered the interrogatories sufficiently. (Tr., 16-17.) Counsel also said that Plaintiff provided a second written response to Defendant Merritt's first request for production of documents. (Tr., 7-8.) However, Plaintiff had not produced any documents, despite having said in her December 1 response that she would produce some of the documents within ten business days. (Tr., 7-8; Defs.' Br., Ex. 4.) Of the documents that were not produced, Merritt's counsel said that Plaintiff had executed authorizations that would enable Defendants to obtain Plaintiff's tax returns, employment records, and medical records. (Tr., 17-18.)

## II.    ANALYSIS

### A.    Standard of Review for Dismissal Under Fed. R. Civ. P. 37

Federal Rule of Civil Procedure 37 gives a district court the authority to dismiss a case as a sanction against a party who frustrates the discovery process. Specifically, a dismissal may be based on a party's failure to respond to interrogatories or requests for production of documents.

Fed. R. Civ. P. 37(d).  A case may also be dismissed if a party does not comply with a court order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(C).

There is ample support in the case law for dismissal under Rule 37 based on facts similar to the case at hand.  To determine whether a Rule 37 dismissal is an appropriate discovery sanction, a district court must consider four factors: "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Harmon v. CSX Transp., 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-55 (6th Cir. 1988)).  Where an attorney's conduct is the basis for dismissal, as in the present case, these factors are applied more stringently.  Id. at 367.

With regard to the first factor, the Sixth Circuit has said that dismissal of a case for an attorney's misconduct is appropriate only where there is a "clear record of delay or contumacious conduct." Harmon, 110 F.3d at 367 (citation and internal quotation marks omitted).  In Harmon, the Sixth Circuit found that such a record existed and upheld the district court's dismissal of the case under Rule 37.  Id. at 368.  Harmon's facts are sufficiently similar to the case at hand.  The plaintiff failed to respond to interrogatories and requests for production, despite a court order compelling a response and several attempts by opposing counsel to secure a response.  Id. at 365-66.  The Sixth Circuit held that the record was "more than adequate" to establish "a clear record of delay and contumacious conduct" on the part of the plaintiff's attorney.  Id.

4

Clearly such a record exists in the present case as well.  Plaintiff, through Shelton,

repeatedly violated this Court's orders, as well as the Federal Rules of Civil Procedure.  Plaintiff

did not answer Defendant Merritt's interrogatories until February 17, 2006, which was two and

one-half months after this Court's November 1 order compelling answers, and nearly eight

months after the interrogatories were served on Plaintiff.  (Defs.' Supp. Br., Ex. 5.)  Plaintiff's

written response to Defendant Merritt's request for production of documents was served after the

ten-day deadline given by this Court's November 1 order.  (Defs.' Br., 4.)  In her written

response, Plaintiff said she would provide certain documents within ten business days; however,

as of the February 21, 2006 hearing, Plaintiff still had not produced those documents.  (Tr., 7-8;

Defs.' Br., Ex. 4.)  Moreover, as of February 21, Plaintiff still had not paid Defendant Merritt's

costs and attorney's fees from its motion to compel discovery, as ordered by this Court on

November 14.[2]  (Tr., 8.)

As for the second factor, Defendants have been prejudiced by Plaintiff's blatant disregard

for this Court's orders and the Federal Rules of Civil Procedure.  Defendants have expended

time, money, and other resources in pursuit of discovery to which they are legally entitled under

the Rules.  Harmon, 110 F.3d at 368.  Plaintiff took four months to respond to Merritt's request

for production and nearly seven months to answer Merritt's interrogatories, which has hindered

Defendants' preparation of a defense to Plaintiff's claims.  Bass v. Jostens, Inc., 71 F.3d 237,

242 (6th Cir. 1995) (finding that plaintiff's refusal to answer interrogatories or produce

documents unfairly prejudiced defendants).  Defendant Merritt has been unable to recoup its

---

[2] Defendants' most recent brief indicates that payment is still delinquent; Plaintiff's
response brief does not dispute this contention.  (Defs.' Supp. Br., 18; see Pl.'s Answer to Defs.'
Mot. for Dismissal.)

5

costs and attorney's fees incurred in bringing its motion to compel discovery.  Plaintiff's, or more accurately, Shelton's contumacious and dilatory conduct has caused unnecessary delay in the progress of this case, and has wasted the time of both this Court and opposing counsel.

Third, Plaintiff has received ample notice that noncompliance with this Court's orders may result in the dismissal of her case.  Defense counsel's November 23, 2005 letter expressly warned Plaintiff's counsel that Defendants would seek dismissal unless Plaintiff promptly complied with this Court's orders.  (Defs.' Br., Ex. 3.)  Plaintiff was warned by this Court at the February 9, 2006 hearing that her case would be dismissed if she continued to ignore this Court's previous orders.  (Tr., 4-9.)  Plaintiff's counsel should have been aware that Fed. R. Civ. P. 37 specifically provides for dismissal as a discovery sanction.  See Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1533-34 n.11 (11th Cir. 1991) ("[A]t the minimum, attorneys should be charged with knowledge of the Federal Rules of Civil Procedure.").

Finally, dismissal, as opposed to a lesser sanction, is warranted in this case based on Plaintiff's pattern of discovery abuse, which has not been deterred by court orders or the imposition of a monetary sanction.  It is not an abuse of discretion to dismiss a case, "even though other sanctions might be workable, if dismissal is supported on the facts." Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994) (citation and internal quotation marks omitted).  Plaintiff's willful disregard for this Court's orders would made additional sanctions futile at this point.

Plaintiff's counsel explained that the payment of Defendant Merritt's costs and attorney's fees was delinquent because of a "serious cash flow problem."  (Feb. 21, 2006 Tr., 29.) However, in this case, alleged financial hardship is not an acceptable excuse for Plaintiff's

6

failure to follow court orders.  Plaintiff offers no evidence that she even attempted to pay the

$704.00 to Defendant Merritt or made arrangements to do so through a payment plan.  Instead,

Plaintiff's counsel continually insisted that he was unaware of the sanction, despite this Court's

November 14 order imposing the sanction and this Court's warning at the February 9 hearing

that failure to pay would result in dismissal of the case.  (Feb. 9, 2006 Tr., 4-6, 10-11; Feb. 21,

2006 Tr., 8.)  In several cases, where a monetary sanction would be ineffective due to a party's

inability to pay, courts have resorted to dismissal as a discovery sanction.  See, e.g., Maynard v.

Nygren, 372 F.3d 890 (7th Cir. 2004); Carter v. IPC Int'l Corp., 208 F.R.D. 320 (D. Kan. 2002);

Martin v. Metropolitan Museum of Art, 158 F.R.D. 289 (S.D.N.Y. 1994).

In summary, although dismissal is a drastic sanction, it is warranted in this case because

Plaintiff's willful failure to cooperate in discovery has prejudiced Defendants and has not been

deterred by lesser sanctions.

## III.    CONCLUSION

Defendants' Motion to Dismiss is GRANTED pursuant to Fed. R. Civ. P. 37, and this

case is DISMISSED with prejudice.  Defendants' request for costs and attorney's fees incurred

in bringing their Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Date:     April 18, 2006                           s/John Feikens                                    
                                                   United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on April 18, 2006, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager